UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAROLYN BULLOCK,

    *Plaintiff*,

  v.

PHH MORTGAGE COMPANY, *et al.*,

    *Defendants*.

Civil Action No. 1:25-cv-02500 (UNA)

**MEMORANDUM OPINION**

This matter is before the Court for review of Plaintiff's Application to Proceed *in forma pauperis* ("IFP"), ECF No. 2, and her *pro se* Complaint ("Compl."), ECF No. 1. The Court grants the IFP Application, and for the reasons discussed below, dismisses the Complaint in its entirety for failure to comply with minimal pleading standards, *see* Fed. R. Civ. P. 8(a), and for want of subject matter jurisdiction, *see id.* R. 12(h)(3).

Plaintiff, a resident of the District of Columbia, sues PHH Mortgage Company and Deutsche Bank National Trust Company. *See* Compl. at 1–2. The Complaint is almost entirely blank, referring to attached exhibits, but offering no explanation of them. *See* D.C. LCvR 5.1(e), (g).

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *See Atchison v. U.S. Dist. Cts.*, 190 F. Supp. 3d 78, 87 (D.D.C. 2016). Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see*

1

*also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, neither the Court nor Defendants can reasonably be expected to identify Plaintiff's intended claims, nor has Plaintiff established that the Court has subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

The Court notes that the attached exhibits, ECF No. 1-2, largely refer to an estate and probate matter currently pending in the Superior Court of the District of Columbia, involving Plaintiff and both named Defendants. *See In re Jerone Browner-El*, No. 2024-ADM-001102 (D.C. Super. Ct. filed Sept. 4, 2024).[1] A federal district court may not review judicial decisions made by District of Columbia local courts, nor may it interfere in their proceedings. *See Richardson v. Dist. of Columbia Ct. of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996); *Melton v. District of Columbia*, 46 F. Supp. 3d 22, 25 (D.D.C. 2014) (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (citing *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923)); *see also Chen v. Raz*, 172 F.3d 918, 918 (D.C. Cir. 1999) (per curiam) (affirming dismissal of complaint seeking review of Superior Court's decision in probate matter for lack of subject matter jurisdiction). Accordingly, to whatever extent Plaintiff challenges

---

[1] A court may take judicial notice of the docket and facts on the public record in other court proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

actions related to the probate proceedings, she must pursue such relief in the D.C. Court of Appeals.  *See* D.C. Sup. Ct. R. PD 8.

For all these reasons, this matter is dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.

Date:  October 23, 2025

CARL J. NICHOLS
United States District Judge